AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

2015 OCT -2  PM 12: 54

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>Safe Harbor Tax Lien Acquisition LLC -3 | **AMENDED JUDGMENT IN A CRIMINAL CASE** *np*<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 15-cr-01396-JAH-3<br><br>Earll M Pott<br><small>Defendant's Attorney</small> |

**REGISTRATION NO.**

☒ Restitution Order (18 U.S.C. § 3664)

THE DEFENDANT:

☒ pleaded guilty to count(s) One of the Information.

☐ was found guilty on count(s)_____

after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:1343 | Wire Fraud | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)_____ is ☐  are☐  dismissed on the motion of the United States.

☒ Assessment: $100.00 waived.

☒ No fine        ☐ Forfeiture pursuant to order filed _____ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 14, 2015
Date of Imposition of Sentence

HON.  JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

15-cr-01396-JAH-3

AO 245B (CASD) (Rev. 4/14)  Judgment in a Criminal Case
    Sheet 2 -- Probation

| Judgment—Page | 2 | of | 4 |

DEFENDANT: Safe Harbor Tax Lien Acquisition LLC -3
CASE NUMBER: **15-cr-01396-JAH-3**

# PROBATION

The defendant is hereby sentenced to probation for a term of :

Three years.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than  4  drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

15-cr-01396-JAH-3

AO 245S   Judgment in Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Safe Harbor Tax Lien Acquisition LLC -3
CASE NUMBER: 15-cr-01396-JAH-3

Judgment — Page   3   of   4

# RESTITUTION

The defendant shall pay restitution in the amount of _____$6,238,982.85_____ unto the United States of America.

This sum shall be paid _____ immediately.
                      _X_ as follows:

Pay restitution, jointly and severally with the co-defendants, in the amount of $6,238,982.85 through the Clerk, U.S. District Court, to the victims as noted on the list maintained by the Assistant U.S. Attorney in this matter, in the amounts specified, payable forthwith, with the payments of any remaining balance to be made during the term of probation at a rate per month determined by the court. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment.

The Court has determined that the defendant _does not_ have the ability to pay interest.  It is ordered that:

_X_   The interest requirement is waived.

_____ The interest is modified as follows:

15-cr-01396-JAH-3

DEFENDANT: Safe Harbor Tax Lien Acquisition LLC -3
CASE NUMBER: 15-cr-01396-JAH-3

# RESTITUTION

32 identified victims requesting a collective total of $6,238,982.85  in restitution

| | |
|---|---:|
| JOYCE ANDERSON | $77,634.54 |
| ALBERT BRADLEY | $316,828.37 |
| DOLORES ELLIS | $312,843.70 |
| MICHAEL & AKIKO GARDNER | $98,849.74 |
| HENNING GEIST | $82,896.04 |
| ROGER GIEDD | $38,371.00 |
| MANOUCHEHR HADJIAGHAI | $39,158.54 |
| BRIAN HIGHLAND | $60,379.26 |
| MARY HIGHLAND | $232,828.86 |
| RITA HILL | $102,233.50 |
| MYRON HILLMAN | $169,034.50 |
| CHARLES JONES | $57,924.54 |
| LISELOTTE GEIST | $107,838.45 |
| GEORGE LOUSTALET | $1,019,925.23 |
| ESTHER LYON | $73,496.32 |
| RONALD & PATRICIA MARCOUX | - $11,549.97 |
| ALICIA MARSHALL | $51,936.75 |
| JEFFREY MCMENAMIN | $88,856.70 |
| JOE MCMENAMIN | $151,854.99 |
| CARMEN MILLER | $29,838.16 |
| FRANK & PATRICIA MOLLER | $2,322,165.86 |
| MR. & MRS. MAHMOUND HADJIAGHA | $195,172.75 |
| HELEN RODE | $106,001.56 |
| SHAWN RUCOBO | $36,316.62 |
| TONY RUCOBO | $15,857.62 |
| YVONNE RUCOBO | $16,899.92 |
| RALPH & DOROTHY SNYDER | $234,312.90 |
| DANIEL SPALDING | $91,044.20 |
| DR VAITHIANATHAN | $24,857.20 |
| SHU WANG AND MR TSIEN | $20,175.00 |
| KATHY LEMIEUX | $40,000.00 |
| SAEED KHADEM | $25,000.00 |
| ELLI & NAVA COHEN | $10,000.00 |

Total:     $6,238,982.85